UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-1100-RLW ) |
| RED ROOF INN HOTEL, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On October 28, 2022, the Court ordered plaintiff to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. A response was due within thirty days. Plaintiff has not complied. Therefore, for the reasons discussed below, this action will be dismissed.

**Background**

Plaintiff is a self-represented litigant who filed the instant civil action against defendants Red Roof Inn Hotel and Bill Hall, the CEO of Red Roof Inn. ECF No. 1. In the complaint, plaintiff asserted federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on his status as "a disabled United States Marine and United States Postal Employee of 27 years of Federal Employment and Service." *Id.* at 3. It was unclear whether plaintiff also intended to allege diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff stated he was a citizen of "America," and indicated "Mr. Bill Hall – CEO (Red Roof)" was incorporated under the laws of the State of Ohio and had its principal place of business in the State of Missouri. *Id.* at 3-4. In the caption, plaintiff listed his home address in St. Louis, Missouri, and the address of Red Roof Inn in Maryland Heights, Missouri. *Id.* at 1. Plaintiff did not state the amount of monetary damages he sought.

Plaintiff alleged that on October 11, 2022 he checked into the Red Roof Inn located at 11837 Lackland Road, Maryland Heights, Missouri. He claimed he was "given an [un]inhabitable hotel room twice when in fact the[y] had [a] newly renovated vacant hotel room available." *Id.* at 5. The first room they assigned him "smelled like urine" and appeared to have urine on a bed pillow, and the second room they assigned him was infested with bed bugs that bit him, his partner, and his infant son. *Id.* at 5-6. Plaintiff alleged his room assignments were due to racial discrimination, and the incident caused "pyscological [sic] and physical harm and possible infection." *Id.*

On October 28, 2022, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and determined he had not adequately demonstrated the existence of subject matter jurisdiction. ECF No. 5. The Court explained that plaintiff did not provide a jurisdictional amount in controversy and did not clearly allege facts to show the parties' diversity of citizenship. Additionally, plaintiff did not identify a federal statute or constitutional provision to establish that his claim in this case involved a federal matter. Being a former employee of the federal government or serving in the military was not a basis for federal question jurisdiction. Because federal courts only have subject matter jurisdiction over federal question and diversity of citizenship cases, the Court directed plaintiff to show cause, within thirty days, why this action should not be dismissed for lack of jurisdiction. Plaintiff was advised that failure to respond would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

As stated above, on October 28, 2022, the Court ordered plaintiff to submit a written show cause response demonstrating why his case should not be dismissed for lack of subject matter jurisdiction. Plaintiff was given thirty days to comply. The show cause response was due no later

than November 28, 2022. The Court advised plaintiff that failure to file a timely response would result in the dismissal of his case without prejudice and without further notice.

The deadline for plaintiff to file his show cause response has expired. Plaintiff has failed to submit a response as directed. He has also failed to file a motion with the Court seeking an extension of time in which to comply.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a self-represented litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's Order of October 28, 2022, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of October 28, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*
  **RONNIE L. WHITE**
  **UNITED STATES DISTRICT JUDGE**

Dated this 30th day of November, 2022.

3